UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Paul F. Lohmeyer,                                        Case No.  3:13 CV 1490

        Plaintiff,                                     JUDGE JAMES G. CARR

    v.

                                                   OPINION AND ORDER

Toledo Police Department, *et al.*,

        Defendants.

On June 17, 2013, *pro se* plaintiff Paul F. Lohmeyer filed the above-captioned action under 42 U.S.C. §§ 1983 and 1985 and the Omnibus Safe Streets Crime Control Act, 18 U.S.C. § 2510 *et seq.* against the Toledo Police Department, several unnamed police officers, and the Toledo-Lucas County Public Library ("Library"). In the complaint, plaintiff alleges his civil rights were violated when the Library monitored his internet activity during his use of the Library's publicly accessible computer system and when the police refused to take action to address these violations and/or intentionally hindered his ability to file a complaint against the Library. He seeks injunctive and monetary relief. Plaintiff has also filed a motion to proceed *in forma pauperis*. (Doc. 4). For the reasons that follow, that motion is granted and this case is dismissed.

**Factual Background**

On or about June 8, 2013, plaintiff alleges he visited the Michigan Street branch of the Library, where he used a public computer terminal to access the internet. He contends his internet

activities were monitored by library staff during this visit and some of the information he sought was "intentionally modified," 'forged,' and/or intercepted and seized without his consent. (Doc. 1 at 2-4). He does not specify how his activities were monitored, what information he sought to access, and in what way any information was modified or falsified. Plaintiff asserts these activities by the Library interfered with his "ability to work in his chosen profession, interfering with his Enterprise by affecting his ability to study Social Networking Architecture and design Marketing plans in accordance with what the audience desired to purchase or was interested in within those Social Networks. (*Id*. at 2-3). He also states the "intercepted communications" were provided to unidentified third parties who used the communications to "stalk" plaintiff. (*Id*. at 4). Plaintiff believes his electronic communications have been monitored "for some time" and that defendants have been "monitoring his online activities at other locations including, but not limited to, 'The Source', and his residence."[1] (*Id*.).

On June 10, 2013, plaintiff went to the Toledo Police Department to file a report and/or complaint regarding the Library's purported monitoring of his internet activity. While waiting for his turn to file a complaint at the police station, plaintiff states he jokingly commented on the long wait time, stating that a person would "have to petition for a writ of mandamus to get a complaint filed." (*Id*. at 4). Plaintiff asserts "the whole room became silent," leading him to believe that the police officers in the area "were sent to intentionally interfere with [his] ability to make it to the Prosecutor's office by 4 PM." (*Id*. at 5). After a few moments, plaintiff then stated, "I don't feel free to leave." (*Id*.). When one of the officers remarked that plaintiff was free to leave, plaintiff

---

[1] "The Source" appears to be a reference to the Owens Community College learning center, which provides employment education and training. *See* https://www.owens.edu/locations/source/.

responded he was not because he had to file his report. Plaintiff alleges after he "expressed his concern about being illegally detained," one of the police officers blocked his access to the complaint window, "pretending to make a complaint" for about 55 minutes and none of the officers "interceded on [his] behalf." (*Id*.). He asserts some of these officers may have been associated with officers from the Oregon, Ohio Police Department – against whom he previously filed a civil suit in 2006 – and may have been retaliating against him for that filing. (*Id*. at 8).

On June 11, 2013, plaintiff visited the Toledo Law Department, and while discussing his "issue" with the secretary, he overheard someone on the phone tell the secretary that he was "being investigated for drug trafficking." (*Id*.). He says this statement was made with the intent to further a "scheme" to prevent him from pursuing a cause of action against the Library. (*Id*. at 9).

Based on the foregoing, plaintiff alleges the following federal claims: 1) violation of his First Amendment rights to receive information, to access the courts, and to association; 2) unreasonable search and seizure in violation of the Fourth Amendment; 3) deprivation of his right to due process; 4) conspiracy to violate his civil rights; 5) a violation of the Sixth Amendment confrontation clause; and 6) various violations of the United States criminal code. Plaintiff also alleges state common law claims for defamation and tortious interference with prospective business relations. He seeks $5.5 million in compensatory damages, punitive damages, the termination of the unidentified police officers, and training and education of the Library and police department employees "to prevent future violations . . . ." (*Id*.).

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to

dismiss an action under 28 U.S.C. § 1915 (e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). Principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A district court is not required to conjure up questions never squarely presented to it or to construct full blown claims from sentence fragments. *Id.*

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). Assuming all the allegations in the complaint are true, the factual allegations must be sufficient to raise the right to relief above the speculative level. *Id.* at 555. A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 6778 (2009). In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### Discussion
#### A. Proper Parties

As an initial matter, the Toledo Department is not *sui juris* – it cannot be sued absent positive statutory authority. *See Papp v. Snyder*, 81 F. Supp. 2d 852, 857 n. 4 (N.D. Ohio 2000). *See also Barrett v. Wallace*, 107 F. Supp. 2d 949, 954 (S.D. Ohio 2000) (under Ohio law, a county sheriff's office is not a legal entity capable of being sued).

Claims against the Toledo Police Department are construed as claims against the City of Toledo. *See Johari v. City of Columbus Police Dep't*, 186 F. Supp. 2d 821, 825 (S.D. Ohio 2002) (stating that the police department lacks capacity to be sued because "[t]he Division of Police is an administrative vehicle by which the city operates and performs its functions.").

A local government can only be held responsible for injuries caused by the acts of its employees under 42 U.S.C. § 1983 if the employees are carrying out government policy or custom. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 694 (1978).

Plaintiff alleges Toledo police officers failed to act to remedy the constitutional violations by the library, intentionally thwarted his attempts to file a complaint against the library, and unlawfully detained him when he attempted to file a complaint against the library. All of these claims, however, are based on the actions and decisions of unidentified, individual employees of the city. There are no allegations in the complaint that reasonably suggest the individual's acts were the result of a policy or custom of the municipality. Accordingly, plaintiff's claims against the Toledo Police Department are dismissed.

### B. Federal Claims Against the Library

Plaintiff's allegations against the library lack plausibility. Plaintiff asserts numerous legal conclusions, but fails to set forth any well-plead facts showing how the library violated his constitutional rights. Plaintiff's statement that he used a public computer employing filtering and/or tracking software, which prevented his access to unspecified internet content, without more, does not state a plausible claim for relief against the library.

When exercised within constitutional bounds, "a library's decision to use filtering software is a collection decision, not a restraint on private speech." *United States v. Am. Library Ass'n*, 539

U.S. 194, 209 n. 4 (2003). "To fulfill their traditional missions, public libraries must have broad discretion to decide what material to provide to their patrons." *Id.* at 204. *Parents, Families, & Friends of Lesbians & Gays, Inc. v. Camdenton R-III Sch. Dist.*, 853 F. Supp. 2d 888, 899 (W.D. Mo. 2012) (finding school library could not unconstitutionally filter internet content based on viewpoint without demonstrating a compelling interest).

The complaint provides no facts from which one could reasonably infer that the library's use of monitoring or filtering software violated plaintiff's constitutional rights. Accordingly, I dismiss the complaint against the library because it fails to state a claim upon which relief may be granted.

Moreover, plaintiff cannot assert claims against the Library (or the other defendants) under 18 U.S.C. § 2510 *et seq* or 18 U.S.C. §§ 241, 242, 1512, or 1543. The criminal statutes do not provide a private right of action. *United States v. Oguaju*, No. 02-2485, 2003 WL 21580657, *2 (6th Cir. July 9, 2003); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994).

### C. State Law Claims

Plaintiff's remaining claims for defamation and tortious interference are state law claims. I may exercise supplemental jurisdiction over state law claims if state and federal claims derive from the same common nucleus of operative facts. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). However, if I dismiss federal law claims before trial, then I must also dismiss the state law claims. *Id.* Having dismissed plaintiff's federal law claims, I must also dismiss plaintiff's defamation and tortious interference claims.

### Conclusion

For the foregoing reasons, plaintiff's motion to proceed *in forma pauperis* (Doc. 4) is

granted. This action is dismissed pursuant to 28 U.S.C. § 1915(e). The court certifies, pursuant to 28 U.S.C. § 1915 (a)(3), that an appeal from this decision could not be taken in good faith.[2]

So ordered.

           s/ James G. Carr
           JAMES G. CARR
           SR. UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."